***********
The Full Commission has reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Phillips and the briefs and oral arguments before the Full Commission. The appealing party has not shown good ground to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the prior Opinion and Award. Accordingly, the Full Commission AFFIRMS with modifications, the Opinion and Award of the Deputy Commissioner and enters the following Opinion and Award.
 *********** *Page 2 ISSUES TO BE DETERMINED
1. Whether an employment relationship existed between plaintiff and defendant under the North Carolina Workers' Compensation Act?
2. Whether plaintiff was injured in the course and scope of employment, and if so, to what benefits is plaintiff entitled?
3. Whether any penalties should be assessed for defendant's failure to provide workers' compensation insurance as required by the Act?
4. What is plaintiff's average weekly wage?
 ***********
The following documentary evidence was received as:
 EXHIBITS
1. Plaintiff's Exhibit 1-Medical records and bills
2. Plaintiff's Exhibit 2-Summary of outstanding and unpaid medical bills
3. Plaintiff's Exhibit 3-Industrial Commission forms
4. State's Exhibit 1-Secretary of State records for United Hearts Home Care, L.L.C.
5. State's Exhibit 2-Employment Security records for United Hearts Home Care, L.L.C.
6. State's Exhibit 3-NCIC Database Coverage Screen
 ***********
Based upon the preponderance of the evidence in view of the entire record, the Full Commission enters the following:
 FINDINGS OF FACT *Page 3 
1. At the time of hearing before the Full Commission, plaintiff was fifty-five (55) years of age with her date of birth being 2 February 1956. Plaintiff is married and has a tenth grade education.
2. Plaintiff was employed with defendant-employer as a personal caregiver
and housekeeper. Plaintiff worked for defendant-employer for three years.
3. On the date of injury, plaintiff's average weekly wage was $800.00, yielding a compensation rate of $533.60.
4. Ms. Donna Spencer owned defendant-employer, United Hearts Home Care, L.L.C. Ms. Spencer was plaintiff's supervisor.
5. Plaintiff was assigned to work a half day on 2 January 2010, which was a Saturday. On that date, an ice storm had occurred in plaintiff's work region. As plaintiff was taking out the trash for defendant-employer, she slipped and fell sustaining a broken left wrist.
6. The circumstances of plaintiff's injury on 2 January 2010 constituted an interruption of her regular work routine and the introduction thereby of unusual conditions likely to result in unexpected consequences.
7. On 2 January 2010, plaintiff sustained an injury by accident arising out of and in the course of her employment with defendant-employer.
8. Plaintiff then went home and reported the accident. Defendant-employer instructed plaintiff to report to the emergency room.
9. Plaintiff underwent x-rays which revealed a broken left wrist. On 12 January 2010, plaintiff underwent surgery on her left wrist. As a result of her injury and surgery, plaintiff missed two days from work. Additionally, Dr. Whitman prescribed physical therapy for a six-week period for plaintiff, however, defendant-employer refused to pay for the necessary therapy *Page 4 
and as a consequence, plaintiff only attended one session.
10. Plaintiff followed up with Dr. Whitman post surgery. Plaintiff uses the aid of a wrist brace. Plaintiff has no use of her left arm, experiences numbness in two of her fingers on her left hand, and has lost some grip strength in her left hand. Additionally, plaintiff continues to experience pain in her left arm.
11. Dr. Whitman has issued a fifteen percent (15%) permanent partial disability rating for plaintiff's left hand.
12. Plaintiff's medical bills remain outstanding although defendant-employer assured plaintiff that she would pay said bills.
13. Plaintiff continues to work with the restriction to work as tolerated. Plaintiff performs only right-handed work.
14. Since July 2010, plaintiff's ability to earn wages and her average weekly wage decreased from $800.00 per week to $300.00 per week.
15. Based upon the preponderance of the evidence in view of the entire record, as well as the credible vocational and medical evidence of record, and as the result of her 2 January 2010 injury by accident, plaintiff was unable to earn any wages in any employment for a period of two (2) days.
16. Based upon the preponderance of the evidence in view of the entire record, as well as the credible vocational and medical evidence of record, and as the result of her 2 January 2010 injury by accident, plaintiff was only able to earn diminished wages for the period of 1 July 2010 until 12 October 2010.
17. Employment Security Commission records in State's Exhibit #2, and the Industrial Commission Database Coverage information in State's Exhibit #3, reveal that *Page 5 
defendant-employer, United Hearts Home Care, L.L.C., regularly employed three or more employees from 1 January 2005 through 12 March 2006 (434 days), 13 October 2006 through
1 October 2007 (353 days) and 19 March 2009 through 12 October 2010, (572 days) without the requisite workers' compensation insurance.
 ***********
Based upon the foregoing Stipulations and Findings of Fact, and the preponderance of the evidence in view of the entire record, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. All parties are properly before the Industrial Commission. All parties are subject to and bound by the provisions of the North Carolina Workers' Compensation Act. The Industrial Commission has jurisdiction over the parties and the subject matter of this case. N.C. Gen. Stat. § 97-2.
2. On 2 January 2010, plaintiff sustained a compensable injury by accident to her left wrist. N.C. Gen. Stat. § 97-2(6).
3. United Hearts Home Care, L.L.C., was the duly-qualified employer at the time of the accident and is subject to the North Carolina Workers' Compensation Act, having employed the requisite number of employees to be bound under the provisions of said Act at the time of the incident. N.C. Gen. Stat. § 97-2.
4. An employee-employer relationship existed between plaintiff and defendant-employer, United Hearts Home Care, L.L.C., at the time of her injury and said defendant-employer was uninsured at that time. N.C. Gen. Stat. § 97-2.
5. On the date of injury, plaintiff average weekly wage was $800.00, yielding a compensation rate of $533.36. N.C. Gen. Stat. § 97-2(5). *Page 6 
6. Based upon the preponderance of the evidence in view of the entire record, as well as the credible vocational and medical evidence of record, and as the result of her 2 January 2010 injury by accident, plaintiff is entitled to have defendant-employer, United Hearts Home Care, L.L.C., pay temporary total disability benefits at the rate of $533.36 for two days.
7. Based upon the preponderance of the evidence in view of the entire record, as well as the credible vocational and medical evidence of record, and as the result of her 2 January 2010 injury by accident, plaintiff is entitled to have defendant-employer, United Hearts Home Care, L.L.C., pay temporary partial disability benefits at the rate of $333.35 per week for the period of 1 July 2010 until 12 October 2010. N.C. Gen. Stat. § 97-30.
8. As a result of plaintiff's compensable injury sustained on 2 January 2010, plaintiff is entitled to have defendant-employer, United Hearts Home Care, L.L.C., pay permanent partial disability benefits for the fifteen percent (15%) permanent partial disability rating to plaintiff's left hand. N.C. Gen. Stat. § 97-31.
9. As a result of plaintiff's compensable injury sustained on 2 January 2010, plaintiff is entitled to have defendant-employer, United Hearts Home Care, L.L.C., pay for medical expenses incurred or to be incurred as a result of plaintiff's compensable injuries as may reasonably be required to effect a cure, provide relief or lessen the period of disability, subject to the provisions of N.C. Gen. Stat. § 97-25.1, when bills for the same have been approved according to established Industrial Commission procedures. N.C. Gen. Stat. §§ 97-25; 97-25.1. Plaintiff remains entitled to ongoing medical treatment, as needed. Id.
10. Any employer required to secure payment of compensation who refuses and neglects to secure such compensation shall be punished by a penalty of one dollar ($1.00) for each employee, but not less than fifty dollars ($50.00) nor more than one hundred dollars *Page 7 
($100.00) for each day of such refusal or neglect, and until the same ceases pursuant to N.C. Gen. Stat. § 97-94(b).
11. Anyone with the ability and authority to bring their business into compliance with N.C. Gen. Stat. § 97-93 who fails to do so, may be assessed a penalty equal to one hundred percent of the amount of compensation due defendant's employees injured during the time his business failed to comply with N.C. Gen. Stat. § 97-93 as set out in N.C. Gen. Stat. § 97-94(d). Donna Spencer as owner of defendant-employer, United Hearts Home Care, L.L.C., had the ability and authority to bring the employer in compliance with the North Carolina Workers Compensation Act and failed to do so.
 ***********
Based upon the foregoing Findings of Fact and Conclusions of Law, the Full Commission enters the following:
 AWARD
1. Defendant-employer, United Hearts Home Care, L.L.C., shall pay to plaintiff back-owed temporary total disability benefits in the amount of $1,066.72 for the two days she missed work following her surgery. Having accrued, this compensation, subject to a reasonable attorney's fee awarded herein, shall be paid to plaintiff in a lump sum.
2. Defendant-employer, United Hearts Home Care, L.L.C., shall pay to plaintiff temporary partial disability benefits in the amount of $333.35 per week for the period of 1 July 2010 until 12 October 2010, the date of the hearing, for a total award of $4,833.58. Having accrued, this compensation, subject to a reasonable attorney's fee awarded herein, shall be paid to plaintiff in a lump sum.
3. Defendant-employer, United Hearts Home Care, L.L.C., shall pay to plaintiff *Page 8 
$16,000.80 for the fifteen percent (15%) permanent partial disability rating to plaintiff's left hand. This compensation is subject to a reasonable attorney's fee awarded herein.
4. A reasonable attorney's fee of twenty-five percent (25%) is hereby approved for Plaintiff's counsel and defendant-employer, United Hearts Home Care, L.L.C., shall pay directly to counsel twenty-five percent (25%) of the compensation awarded to plaintiff within the Full Commission's Opinion and Award.
5. Defendant-employer, United Hearts Home Care, L.L.C., is ordered to pay the State of North Carolina penalties for the sum of $67,950.00 which represents $50.00 per day for 1,359 days that defendant-employer failed to secure workers' compensation coverage in accordance with the Workers' Compensation Act.
6. An additional penalty of 100% of the amount of the compensation due to plaintiff in this matter is assessed against Donna Spencer, individually, for failing to comply with N.C. Gen. Stat. § 97-93. A check shall be made payable to the North Carolina Industrial Commission and sent directly to Assistant Attorney General, Sneed, at the Fraud Unit of the North Carolina Industrial Commission
7. Defendant shall bear the costs.
This the ___ day of August, 2011.
 S/_________________ CHRISTOPHER SCOTT COMMISSIONER
CONCURRING: *Page 9 
 S/______________ PAMELA T. YOUNG CHAIR
 S/_____________________ BERNADINE S. BALLANCE COMMISSIONER *Page 1